Belknap,
No. 5209.

DONALD TABOR, *Adm'r v.* JOHN GOODHUE *& a.*

Argued March 3, 1964.
Decided March 31, 1964.

*Normandin, McIntyre, Cheney & O'Neil (Mr. Thomas P. Cheney* orally), for the plaintiff.

*Booth, Wadleigh, Langdell, Starr & Peters* and *Robert L. Chiesa (Mr. Chiesa* orally), for the defendants.

KENISON, C.J.  This workmen's compensation case originated in 1959 and has "slumped forward" slowly since that time.  *Cf. Hallahan* v. *Riley*, 95 N. H. 419, 420.  The issue before us does not relate to the merits of the administrative decision by the Labor Commissioner denying compensation but is whether the Superior Court could allow an appeal filed after the thirty-day period (RSA 281:37 (supp);  Laws 1961, 194:15) under the provisions of RSA 281:42 (supp) (Laws 1961, 194:17).  The latter statute reads as follows:  "PETITION FOR RIGHT TO APPEAL. Any person, aggrieved by a decision of the commissioner, who was prevented from appealing therefrom within thirty days through mistake, accident, or misfortune and not his own neglect, may petition the superior court at any time within one year thereafter, to be allowed an appeal, setting forth his interest, his reason for appealing and the cause of his delay."

A combination of vicissitudes and circumstances in these proceedings distinguish this case from *Alden* v. *Kimball*, 104 N. H. 454, 456, where a late appeal was denied for "the sole reason" that counsel had not ascertained that the appeal period had been reduced from sixty to thirty days.  It is clear that the appeal filed April 10, 1962 from the decision of the Labor Commissioner on February 13, 1962 was not timely under RSA 281:37 (supp).  In determining whether the plaintiff should have relief

under RSA 281:42 (supp), the Superior Court could take into account the surrounding circumstances of this late appeal. During the administrative proceedings there was a change in the office of the Labor Commissioner and there was a period of twenty months from the date of the hearing to the date of decision. There was evidence that counsel had originally "calendared" the case for appeal, in the event of an adverse decision, within sixty days as provided by the statute in effect when the case was heard. This procedure would have protected the claimants' rights if a timely decision had been made within a normal period rather than twenty months after the hearing as was the case here.

As we have pointed out on several occasions time limitations for appeal or review are designed to avoid unnecessary delays in the administration of the Workmen's Compensation Law. *Prassas* v. *Company*, 100 N. H. 209; *Alden* v. *Kimball*, 104 N. H. 454. However the statutes are to be given a workable construction (*Chaloux* v. *Chaloux Oil Company*, 103 N. H. 539) and if delays in the administration of the Law have already occurred through no fault of the appealing party, justice is not expedited or served by choking off the right of appeal.

The New Hampshire Workmen's Compensation Law (RSA 281:42 (supp)) indicates there may be cases where mistake, accident, or misfortune should extend the time for the right of appeal. We think the circumstances of the present case bring it within this statute, and the Trial Court's ruling allowing the late appeal was not erroneous. See *In re Trager's Petition* (Mass.), 189 N. E. 2d 507, 508.

*Exceptions overruled.*

All concurred.