Merrimack
No. 81-053

WILLIAM H. MEREDITH & a.

v.

ROBERT H. FISHER & a.

October 1, 1981

*Wadleigh, Starr, Peters, Dunn & Kohls,* of Manchester (*Ronald J. Lajoie* on the brief and orally), for the plaintiffs.

*Perkins, Upshall & Robinson P.A.,* of Concord (*Kenneth L. Robinson, Jr.,* on the brief and orally), for the defendants.

BOIS, J.  This appeal arises from an order of the trial court rendering a deficiency judgment against the defendant subsequent to a mortgage foreclosure sale. Our review of the record reveals that the court committed reversible error by denying certain requests for rulings of law, and we therefore reverse and remand.

In October 1971, the defendant Robert H. Fisher agreed to purchase from the plaintiff William H. Meredith certain real estate in Concord, certain equipment and personal property, and the plaintiff's chiropractic practice. On November 12, 1971, a closing was held at which the defendants signed a promissory note in favor of the plaintiffs for $31,000, secured by a second mortgage on the real estate and subordinate to the first mortgage lien of the Merrimack County Savings Bank in the original principal amount of $22,500. The plaintiffs foreclosed their second mortgage lien on the property on November 9, 1976. A public auction was held at which the plaintiffs offered the only bid, bidding $30,000 less the amount due on the first mortgage and purchasing the property for $9,518.92, subject to the existing first mortgage, on which the balance due was $20,481.08. The balance due on the plaintiffs' second mortgage note at that time was $19,537.61. A number of appraisals of the property placed the value of the real estate in the range of $45,000 to $55,000. Following the foreclosure sale, the plaintiffs

sought a deficiency judgment in the amount of $11,128.39, which was the difference between the principal balance due on both notes ($40,018.69) and the principal portion of the bid price ($28,890.30) applied against the balance due. The Master (*Roger G. Burlingame*, Esq.) made certain rulings and findings and recommended without opinion that "judgment be entered for the plaintiff for the deficiency in the amount of $11,128.39 plus accrued interest at 7%, plus costs." The Trial Judge (*Cann*, J.) accepted and approved this recommendation.

■ The defendants argue that the trial court's denial of certain of their requests for rulings of law constitutes reversible error. "The standard of review in an appeal from a master's recommendation is that the findings and rulings will be upheld unless they are unsupported by the evidence or are erroneous as a matter of law." *Summit Electric, Inc. v. Pepin Brothers Const., Inc.*, 121 N.H. 203, 206, 427 A.2d 505, 507 (1981) (citing *Hynes v. Whitehouse*, 120 N.H. 417, 421, 415 A.2d 876, 878 (1980) and *Brown v. Mary Hitchcock Memorial Hosp.*, 117 N.H. 739, 742, 378 A.2d 1138, 1140 (1977)). After reviewing the record, we agree with the defendants that the master's report reached inexplicable, inconsistent and erroneous conclusions, not only regarding the defendants' requests, but also as to certain requests of the plaintiffs, which rose to the level of reversible error. The defendants filed eight requests for findings of fact and seven requests for rulings of law. The master recommended that "[d]efendant's requests for *findings and rulings* numbered 1, 3-6 should be granted." (Emphasis added.) This is particularly nebulous because it leaves us to speculate as to what actions he took on which requests.

The master denied the defendants' request for a ruling of law number 2 which stated: "Plaintiffs Meredith were required to use reasonable efforts to obtain a fair price at the foreclosure sale." Likewise, our review of the record reveals that the master denied the plaintiffs' request for a ruling of law number 1 which read: "The purpose of the statutory power of sale procedure is to provide a public auction for the mortgaged premises in order to obtain a fair and reasonable price under the circumstances."

■ Because mortgage foreclosure is essentially a right to equitable relief, *Lakes Region Fin. Corp. v. Goodhue Boat Yard, Inc.*, 118 N.H. 103, 107, 382 A.2d 1108, 1111 (1978); *Phinney v. Levine*, 117 N.H. 968, 971, 381 A.2d 735, 737 (1977); see *Mills v. Nashua Fed. Sav. & Loan Assoc.*, 121 N.H. 722, 727, 433 A.2d 1312, 1315-16 (1981), the element of fairness must pervade the

entire foreclosure process. Accordingly, "the mortgagee is required to conduct the foreclosure sale 'in the exercise of good faith and due diligence to protect the mortgagor's interest.' " *Lakes Region Fin. Corp. v. Goodhue Boat Yard, Inc., supra* at 107, 382 A.2d at 1111 (quoting *Silver v. First Nat'l Bank,* 108 N.H. 390, 391, 236 A.2d 493, 495 (1967)); *Reconstruction &c. Corp. v. Faulkner,* 101 N.H. 352, 361, 143 A.2d 403, 409–10 (1958). Because the defendants' and the plaintiffs' requests were accurate statements of the duty owed by the mortgagee to the mortgagor, the master's denial of these requests was erroneous.

The master's denial of these two requests is particularly troublesome, given the inconsistency that arises because of his granting of two other requests (defendants' request for a ruling of law number 1 and plaintiffs' request for a ruling of law number 2), which were accurate statements regarding the necessity of good faith in conducting a foreclosure sale. We further note that an inconsistency exists between the master's recommendation that a deficiency judgment be entered for the plaintiffs and his denial of the plaintiffs' request for a ruling of law number 9, which stated: "There was no fraud, misconduct or bad faith in the conduct of the foreclosure sale."

■ We further note that inconsistencies exist between the master's recommendation that a deficiency judgment be entered for the plaintiffs and his denial of two of plaintiffs' requests. Request for finding of fact number 5 reads as follows: "A bid of $30,000.00, less a first mortgage, was a fair price for the premises at the time of foreclosure under the circumstances." This was the exact bid entered by the plaintiffs and the one upon which the master based his deficiency judgment. Request for ruling of law number 9 reads as follows: "There was no fraud, misconduct or bad faith in the conduct of the foreclosure sale." Obviously, if there were fraud, misconduct or bad faith present, the sale should not have been left to stand. Because the report of the master, which did not discuss the reasoning behind his conclusions, leaves these inconsistencies unresolved, we conclude that they constitute reversible error.

■ The defendants also argue that a foreclosing mortgagee who makes the only bid at a foreclosure sale of a purchase money mortgage and whose bid is less than the fair market value of the property should not be allowed to recover a deficiency judgment unless the underlying obligation exceeds the fair market value of the property. If the trial court on remand determines that the foreclosure sale comported with all of the procedural safeguards

ensuring fairness and protected the interests of the parties, *see Merrimack Industrial Trust v. First Nat. Bank of Boston*, 121 N.H. 197, 201–02, 427 A.2d 500, 504 (1981), we see no reason to carve out an exception that would bar a deficiency judgment merely because the mortgagee was the sole bidder or because the agreement between the parties was in the form of a purchase money mortgage. *See generally* G. OSBORNE, G. NELSON & D. WHITMAN, REAL ESTATE FINANCE LAW § 8.3, at 530 (1979). If the trial court finds that the foreclosure sale did not so comport with all of the procedural safeguards insuring fairness and protection to the interests of the parties, it may order a new foreclosure sale.

*Reversed and remanded.*

BROCK and BATCHELDER, JJ., did not sit; the others concurred.