Strafford
No. 81-129

BEATRICE M. TAYLOR

v.

DAVIDSON RUBBER COMPANY & a.

May 17, 1982

*Burns, Bryant, Hinchey, Cox & Shea,* of Dover (*Paul R. Cox* on the brief and orally), for the plaintiff.

*Ouellette, Hallisey & Dibble P.A.,* of Dover (*William L. Tanguay* on the brief and *Dennis L. Hallisey* orally), for the defendants.

BOIS, J. This case arises from a decree of the Superior Court (*Goode,* J.) approving a Master's (*Robert A. Carignan,* Esq.) recommendation to dismiss the plaintiff's "Petition for right to appeal" (RSA 281:42) from a decision of the labor commissioner. We affirm.

The plaintiff, Beatrice M. Taylor, was steadily employed by the defendant, Davidson Rubber Company (Davidson) for over eleven years. In the fall of 1978, the company transferred her to a new position, exposing her to a work environment where particles of dust and wax were prevalent in the air. Shortly thereafter, the plaintiff experienced breathing difficulties. She notified her employer and consulted Dr. Giles Poirier, who prescribed medication and recommended that she seek a transfer to another area of the plant.

Mrs. Taylor was reassigned to a dust-free environment and her condition improved. Nevertheless, she was later reassigned to another dust-filled area and again began to experience breathing problems. She consulted the company physician, Dr. Robert E. Lord, who prescribed medication and recommended that she stay out of work for a short period and then return to a position in a dust-free part of the plant. In accordance with Dr. Lord's recommendations, the plaintiff remained out of work for two weeks. Upon her return, she was transferred to an area near her prior work place and the symptoms began to recur. In the spring of 1979, Dr. Lord advised her that she could no longer work at Davidson unless she was placed in a cleaner atmosphere.

The company was unable to give Mrs. Taylor suitable work, and on May 4, 1979, she was laid off. She continued to be plagued by health problems and in June 1979, she sought treatment from Dr. Thomas N. Decker, who diagnosed her as suffering from "mild

obstruction of the airways." Dr. Decker was not certain as to the exact nature of his patient's shortness of breath, but believed that her medical history was "compatible with hyperactive airways that were made worse and exacerbated by exposure to dusty atmosphere. . . ." Although he did not consider the plaintiff completely disabled, he did not think she could safely return to work in the dust-filled part of the factory.

The plaintiff had applied for and received workmen's compensation benefits in February 1979. In May of 1979, however, the department of labor granted the defendant Fireman's Fund Insurance Company permission to stop the compensation payments because of a dispute over the plaintiff's eligibility. On May 18, 1979, the department received a request for a hearing from an attorney who represented the plaintiff at that time. Pursuant to RSA 281:40, the department found that a dispute existed between the parties as to the extent of the plaintiff's disability. A hearing was held on July 30, 1979. While the plaintiff appeared at the hearing, her attorney was not present.

By decision dated September 25, 1979, the deputy commissioner found that:

> "The claimant has been given two months to present medical reports, and same has not been forthcoming, therefore based upon the evidence presented, it is determined that the claimant's disability after May 4, 1979, is not causally related to her injury of February 26, 1979, and claim is denied."

The plaintiff was notified and advised of her right of appeal to the superior court within thirty days. *See* RSA 281:37, :40. She attempted to contact her attorney but received no response from him, and therefore, in October 1979 she retained the services of her present counselor. No appeal was taken within thirty days of the September 25, 1979 decision.

The plaintiff's new counsel wrote a letter to the deputy labor commissioner on December 20, 1979, stating that the plaintiff had informed him that her compensation "had been terminated due to the failure of her attorney to properly prepare and present her case, including his failure to attend the hearing." He requested a reopening of her file and a rehearing so that he could introduce an updated medical report and adequately present her case. On January 9, 1980, the deputy commissioner replied that he had before him at the time of his decision the updated medical report referred to, and that he had delayed his decision two months after the hearing, to allow presentation of additional medical evidence. He

refused to reschedule the hearing but advised the plaintiff's attorney that he had the right to appeal to the superior court under RSA 281:42.

On January 28, 1980, the plaintiff's counsel again requested the scheduling of a new hearing to permit the department to reconsider the case. He requested, in the alternative, that the department issue a decree reaffirming its original decision, thereby giving the plaintiff an additional thirty days to appeal under RSA 281:40. The deputy commissioner found no reason for another hearing or decree and denied the plaintiff's requests. With "bull dog" tenacity, counsel for the plaintiff again wrote the deputy commissioner on March 24, 1980, and requested an explanation about an allegedly confusing reference, in the September 1979 decision, to a certain medication. In his final reply, the deputy commissioner indicated that the reference to the medication was a remark by the claimant which had no bearing on his decision. He restated his views that a reopening of the case was unnecessary and that the courts were very liberal in granting appeals under RSA 281:42.

On April 7, 1980, the plaintiff filed a "Petition to Appeal" from the department of labor's decision. Despite the expiration of the thirty-day-appeal period, the plaintiff sought permission to bring a late appeal. Pursuant to RSA 281:42, she claimed that she was prevented from appealing within thirty days of the department's original decision because of mistake, accident, or misfortune, caused by her former attorney's negligence.

Following a hearing in the superior court, the master found that "the plaintiff was not prevented from appealing through mistake, accident, or misfortune, but failed to appeal within thirty days as provided by RSA 281:40, through her own neglect." The court approved a recommendation that judgment be entered for the defendant and entered a decree in accordance therewith. The plaintiff then appealed to this court.

We are not persuaded by the plaintiff's first argument that the petition filed by her within ten days of the department's final letter of March 27, 1980, satisfied the time requirement in RSA 281:40 for appeals from decisions of the labor commissioner. It is clear from the pleadings, the correspondence, and the record before us that the plaintiff was required to appeal within thirty days of the deputy commissioner's September 25, 1979 decision, and the April 7, 1980 filing did not constitute a timely appeal. Thus, the pivotal issue before us is whether the court erred, under the provisions of RSA 281:42, in denying an appeal filed after the thirty-day period called for by RSA 281:40 and RSA 281:37.

The plaintiff basically argues that her failure to appeal in a timely fashion was "not due in any way to her own neglect." She submits that she reasonably relied on her attorney and that she should not be bound by *his* conduct permitting the appeal period to run.

We have held that "[i]n determining whether the plaintiff should have relief under RSA 281:42, the Superior Court could take into account the surrounding circumstances of th[e] late appeal." *Tabor v. Goodhue*, 105 N.H. 314, 315–16, 199 A.2d 102, 104 (1964). Our review of the record is limited in that we will not substitute our judgment for the master's judgment unless his findings and rulings "are unsupported by the evidence or are erroneous as a matter of law." *Gauthier v. Robinson*, 122 N.H. 365, 369, 444 A.2d 564, 566 (1982); *Campo v. Maloney*, 122 N.H. 162, 168, 442 A.2d 997, 1001 (1982). Furthermore, "[w]hether a person was prevented by accident, mistake or misfortune from complying with the . . . filing requirements is a question of fact" and these findings are final and conclusive upon this court unless they are unsupported by the evidence. *Pelham Plaza v. Town of Pelham*, 117 N.H. 178, 181, 370 A.2d 638, 641 (1977) (citations omitted); *see Gauthier v. Robinson*, 122 N.H. at 369, 444 A.2d at 564, 566.

A review of the master's report discloses that he considered the statutory limitations and correctly found that the courts will not waive these provisions lightly and allow untimely appeals. *See, e.g., Ayotte v. Department of Employ. Security*, 114 N.H. 147, 149, 317 A.2d 16, 17 (1974); *cf. Hodgdon v. Weeks Memorial Hospital*, 122 N.H. 424, 426, 445 A.2d 1116, 1118 (1982); *Bowlan Lumber Co. v. Lemire*, 120 N.H. 465, 468, 416 A.2d 1371, 1373 (1980). He further considered that we have held that "[a] client whose attorney negligently fails to prosecute a civil claim in a timely fashion is generally denied relief from the consequences of his attorney's neglect." *Brady v. Duran*, 117 N.H. 275, 277, 372 A.2d 283, 285 (1977); *see, e.g., Tessier v. Blood*, 122 N.H. 435, 437, 446 A.2d 450, 450 (1982); *American Bd. of Trade, Inc. v. Dun and Bradstreet, Inc.*, 122 N.H. 344, 346, 444 A.2d 550, 555 (1982). For example, in *Alden v. Kimball*, 104 N.H. 454, 456, 189 A.2d 494, 496 (1963), a case resembling the present action, we reviewed a late appeal occasioned by the failings of experienced counsel and upheld a denial of relief under the provisions of RSA 281:42.

In the instant case, the facts indicated that the plaintiff failed to make a timely appeal under RSA 281:40 because of *her* reliance on unresponsive counsel. The evidence revealed no fraud,

misrepresentation, or deception. In addition thereto, the plaintiff did not deny receiving, nor did she claim she did not understand, the appeals procedure notice which the master found to be "brief and uncomplicated." On these facts, we cannot say that the master erred in finding that the plaintiff's late appeal resulted from her own neglect and acts of omission.

■■ We agree with the plaintiff's claim that the master granted two of her requests that were irreconcilable with his narrative. We disagree, however, with the plaintiff's argument that these inconsistencies rise to the level of reversible error. The purpose of requiring a written decision, *see* RSA 491:15, stating the master's findings of fact and rulings of law "is to provide a basis for presenting to this court the questions of law arising on the facts found by the trial court. . . . " *R. J. Berke & Co. v. J. P. Griffin, Inc.*, 116 N.H. 760, 767, 367 A.2d 583, 588 (1976). This purpose is fulfilled when the trial court files, in narrative form, findings of facts which sufficiently support his decision. *Id.*, 367 A.2d at 588. Because the master's report in this case contained a discussion of the reasoning behind his conclusions, and his findings supported his decision, we conclude that the inconsistencies do not constitute reversible error. *But see Meredith v. Fisher*, 121 N.H. 856, 859, 435 A.2d 536, 538 (1981).

We caution masters, and the superior court justices who approve and accept their reports, to pay strict attention to all requests for findings of fact and rulings of law, in order to ferret out such inconsistencies and thus avoid unnecessary appeals.

*Affirmed.*

All concurred.