Rockingham
No. 81-305

ROBERT L. TESSIER *& a.*

v.

KENNETH G. BLOOD, JR.

May 17, 1982

*Taylor, Gray & Keane P.A.*, of Portsmouth (*Douglas R. Gray* on the brief and orally), for the plaintiffs.

*James H. Dineen*, of Kittery, Maine, and *G. Page Brown, Jr.*, of Portsmouth (*Mr. Dineen* on the brief and *Mr. Brown* orally), for the defendant.

BATCHELDER, J. This case presents an appeal from an order of the Rockingham County Superior Court (*Contas*, J.) denying a motion to set aside a default decree in favor of the plaintiff. This case had its origin in bills in equity for specific performance, to quiet title, and for temporary and permanent injunction brought by the Tessiers against the defendant in connection with a dispute over a strip of land, 100 feet in width, situated along the Tessier property as it existed on the date of the petition. The plaintiffs claimed title on the basis of adverse possession and an alleged promise by the defendant to give a deed in exchange for consideration given in 1967. Service of process was made upon the defendant on September 9, 1980. Notice was contemporaneously given of a hearing on the issue of whether a temporary injunction should be granted. The date of the hearing on the request for temporary relief was September 12. Although the defendant retained Attorney James H. Dineen of Kittery, Maine, before this hearing,

Dineen made no appearance. The defendant was defaulted, and a temporary restraining order issued on the same day.

The petitions were returnable on the first Tuesday of October, 1980. Dineen again filed no appearance on Blood's behalf, and, on April 23, 1981, a default decree was issued by the court awarding the plaintiffs the relief which they sought on the merits. A motion to strike the default, dated April 28 and signed by a New Hampshire counsel for the defendant, was received by the court on April 29, and, on May 26, the court, having found that there was no mistake, misfortune or accident shown, denied the motion. A second motion to set aside the default was filed on June 3, 1981, signed by James H. Dineen and the New Hampshire counsel as attorneys for the defendant; and, on July 21, after a hearing at which counsel for both parties were present, the motion was again denied. It is from the denial of this second motion that the defendant brings this appeal.

■■ This court has previously stated its position on reviewing denials of motions to set aside defaults:

> "[D]eciding whether to vacate a judgment and strike a default is a matter within the trial court's discretion which will not be disturbed unless it clearly appears there was an abuse of discretion. We will not substitute our judgment for that of the trial court. . . . "

*D'Agincourt v. Anderson Foreign Motors, Inc.*, 119 N.H. 476, 479, 402 A.2d 1340, 1342 (1979) (citations omitted); *see also American Bd. of Trade, Inc. v. Dun & Bradstreet, Inc.*, 122 N.H. 344, 346, 444 A.2d 550, 551 (1982).

■■ Although the negligence of counsel may sometimes be the basis for relief, a client cannot be relieved from a default judgment entered against him in consequence of the neglect of his attorney unless such neglect is excusable. *Cf. Beatrice M. Taylor v. Davidson Rubber Co.*, 122 N.H. 428, 432, 445 A.2d 1119, 1121 (1982). Rule 14 of the Rules of the Superior Court provides that no default "shall be stricken off, except by agreement, or by order of the Court upon such terms as justice may require, upon motion and affidavit of defense, specifically setting forth the defense and the facts on which the defense is based." The trial court has considered the issue of accident, mistake and misfortune and has, in each instance, ruled against the defendant. Furthermore, the defendant has never filed an affidavit of defense with the superior court, as required by Rule 14.

438

■ Although this rule may seem to operate harshly, it is grounded in the need for diligence in the protection of one's rights and the need for finality in adjudication. *See* RESTATEMENT OF JUDGMENTS § 126(2) (1942); *id.*, comment *a*. This includes the situation where "the negligence of the attorney . . . prevented a fair trial." *Id.* § 126(2)(f); *see id.*, comment *c*. If the defendant has a cause of action, it no longer involves the actions of the plaintiffs; rather, it arises from the manner in which his interests were represented by his original counsel.

*Affirmed.*

All concurred.