Maynard v. Gleed                      CV-91-480-B    11/30/93
                  UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE


Shirley J. Maynard, f/k/a
Shirley Hassig

v.                                            Civil No. 91-480-B

Joan Gleed, Executrix Under
the Will of and the Estate of
William H. Gleed, and Joanne Normand


                         **O R D E R**

     For consideration before the court in this civil action are

two motions for summary judgment.  For the reasons stated below,

plaintiff Shirley Maynard's request for partial summary judgment

and defendant Gleed's motion for summary judgment are granted.


                   **I.  FACTUAL BACKGROUND**

     The uncontested facts in this case are that on June 27,

1990, William H. Gleed, now deceased, was operating his vehicle

on Routes 9/202 in Henniker, New Hampshire at approximately 1:30

p.m.  Plaintiff Shirley Maynard was a passenger in the vehicle.

While attempting a u-turn, Gleed's car collided with that of

defendant Joanne Normand, who was headed eastbound on Routes

9/202.  Lanna Kersey was a passenger in Normand's vehicle at the

time of the accident.

In a negligence action brought by Normand against Gleed in Sullivan County Superior Court, Normand and Gleed were found to be 45% and 55% at fault, respectively. This verdict was reached after a full jury trial on the merits of the case, during which both Normand and Gleed were given the opportunity to fully and completely present and litigate their defenses.

During the pendency of the Sullivan County Court Action, a negligence action was brought by Kersey against Gleed in Merrimack County Superior Court. At that time, Kersey was represented by Attorney James Gleason, the same attorney who was representing Normand in the Sullivan County Court Action. Kersey settled this claim for $75,000 shortly after the verdict in the Sullivan County Court action. Kersey, using a different lawyer, later brought a claim against Normand in Sullivan County Superior Court. That action is still pending.

## II. DISCUSSION

Contending that the verdict in Normand's action against Gleed collaterally estops both Normand and Gleed from litigating certain issues, plaintiff Maynard now moves for summary judgment as to the liability and the respective degrees of fault of

defendants Gleed and Normand. Defendant Gleed also moves for summary judgment on the grounds that collateral estoppel bars relitigation of the respective degrees of fault of the co-defendants. Defendant Normand objects to both motions on the ground that it would be fundamentally unfair to apply collateral estoppel in this case.

The Honorable Robert J. Lynn was faced with a similar claim in Kersey's action against Normand. He found Normand's arguments persuasive, and denied Kersey's motion for summary judgment. In addition to her other arguments in this case, Normand contends that I must deny the motions because I am bound to follow Judge Lynn's decision in Kersey's case.

A.   **Standard of Review**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A "genuine" issue is one "that properly can be resolved only by a finder of fact because [it] may reasonably be resolved

3

in favor of either party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477
U.S. 242, 250 (1986); <u>accord</u> <u>Garside v. Osco Drug, Inc.</u>, 895 F.2d
46, 48 (1st Cir. 1990).  A "material" issue is one that
"affect[s] the outcome of the suit . . . ." <u>Anderson</u>, 477 U.S.
at 248.  The burden is upon the moving party to aver the lack of
a genuine, material factual issue, <u>Finn v. Consolidated Rail
Corp.</u>, 782 F.2d 13, 15 (1st Cir. 1986), and the court must view
the record in the light most favorable to the non-movant,
according the non-movant all beneficial inferences discernable
from the evidence.  <u>Oliver v. Digital Equip. Corp.</u>, 846 F.2d 103,
105 (1st Cir. 1988).  If a motion for summary judgment is
properly supported, the burden shifts to the non-movant to show
that a genuine issue exists.  <u>Donovan v. Agnew</u>, 712 F.2d 1509,
1516 (1st Cir. 1983).

I apply this standard in ruling on both motions for summary
judgment.


B.   **Did Normand have an adequate opportunity and incentive
     to litigate the issue of her liability in a prior
     proceeding?**

The standards that govern the application of collateral
estoppel in New Hampshire are well established:

4

> "[T]he issue subject to estoppel must be identical in each action, the first action must have resolved the issue finally on the merits, and the party to be estopped must have appeared as a party in the first action, or have been in privity with someone who did so. See Duncan v. Clements, 744 F.2d 48, 51 (8th Cir. 1984). These conditions must be understood, in turn, as particular elements of the more general requirement, that a party against whom estoppel is pleaded must have had a full and fair prior opportunity to litigate the issue or fact in question. See Sanderson v. Balfour, 109 N.H. 213, 216, 247 A.2d 184, 187 (1968); Duncan v. Clemens supra."

Metropolitan Property & Liability Ins. Co. v. Martin, 132 N.H. 593, 595, 574 A.2d 931, 932 (1989) (quoting Daigle v. City of Portsmouth, 129 N.H. 561, 570, 534 A.2d 689, 693 (1987). Normand argues that the doctrine is inapplicable here because she did not have a full and fair opportunity to litigate the issues of her negligence and relative fault at the trial of her claim against Gleed. She offers two arguments in support of this claim which I now examine in some detail.

Normand's first argument is that she was deprived of a full and fair opportunity to litigate her case because her attorney, James Gleason, also represented Kersey in her action against Gleed. Normand contends that Gleason's representation of both plaintiffs proved to be a conflict of interest. Normand

5

speculates that this conflict prevented Gleason from calling Kersey as a witness at Normand's trial and thereby prejudiced her claim against Gleed. Thus, she argues that collateral estoppel should not be applied here because Attorney Gleason's misconduct prevented her from receiving a full and fair opportunity to litigate her negligence and relative fault in the prior trial.

Even if Gleason's simultaneous representation of Kersey and Normand in their actions against Gleed were an impermissible conflict of interest, this conflict would not prevent Maynard from invoking the collateral estoppel doctrine.[1] I agree with Judge Freedman's conclusion in Ellis v. Ford Motor Co., 628 F. Supp. 849, 857 (D.Mass. 1986), that attorney malpractice will not ordinarily be the basis for declining to apply the collateral estoppel doctrine. Although the New Hampshire Supreme Court has not addressed this specific issue, it has held in a related

_____

[1] I do not accept Normand's contention that Attorney Gleason acted improperly in representing both Normand and Kersey in their actions against Gleed. Both parties shared the same interest in pursuing their actions against Gleed. Further, Normand does not claim that she and Kersey were competing for a limited fund. Nor does Normand contend that Attorney Gleason was improperly influenced by a promise of a greater payment to Kersey if he agreed not to call Kersey at Normand's trial. Finally, Kersey found a separate attorney to represent her in her claim against Normand. Under these circumstance, I do not agree that Attorney Gleason acted improperly.

6

context that a party may not seek to have a default judgment lifted by claiming attorney neglect. Instead, the court has held that the only remedy available to a party under such circumstances is to sue the negligent attorney for damages. Tessier v. Blood, 122 N.H. 435, 437, 446 A.2d 450, 451 (1982). In my view, the supreme court would follow this line of reasoning in this type of case as well.

Normand's second argument is that she did not have enough at stake in her action against Gleed to prohibit her from litigating the liability issues again in this case. Specifically, she contends that because her own medical bills were only $2,000, she could not justify hiring an accident reconstruction expert in her action against Gleed, whereas such an expert will be necessary in this case because Maynard's medical bills and lost wages exceed $40,000.

While it is true that a party may in some cases have lacked a sufficient stake in a matter to justify the application of the collateral estoppel doctrine in a later action, this is not one of those cases. In the underlying action, Normand thought enough of her claim against Gleed to retain a lawyer and prosecute her case to a verdict. The mere fact that more money might be at stake in this case than she was seeking in her action against

7

Gleed does not diminish the fact that she had a strong incentive to do everything possible to maximize her recovery in the underlying action. Moreover, by the time her case against Gleed went to trial, Normand was aware of the fact that she had been sued by Maynard. She thus should have known that an unsuccessful result in her case against Gleed might be used against her in this case. Under the circumstances, I cannot conclude that Normand was denied a full and fair opportunity to litigate the liability issue in her action against Gleed.

C. **Am I bound by a Superior Court Judge's Determination of the Collateral Estoppel Issue in Another Case in which Maynard was not a Party?**

Since I have reached a different conclusion on the collateral estoppel issue from the result reached by Judge Lynn, I must determine whether Normand is correct in arguing that I must defer to Judge Lynn's resolution of the issue. The only case Normand cites in support of her claim on this issue is <u>Allen v. McCurry</u>, 449 U.S. 90 (1980). However, that case is distinguishable from the present case because the party against whom the doctrine of collateral estoppel was invoked in <u>Allen</u> was also a party in the underlying action. In this case, Maynard was

not a party in Kersey's action against Normand. She therefore never had an opportunity to litigate the collateral estoppel issue in that case. Thus, I am under no obligation to follow Judge Lynn's decision.

## III. CONCLUSION

For the foregoing reasons, plaintiff Shirley Maynard's request for partial summary judgment (document no. 20) and defendant Gleed's motion for summary judgment (document no.19) are granted. Accordingly, I determine that Normand and Gleed are estopped from claiming that they were not negligent. Further, they may not contest the jury's finding in the prior case that Normand was 45% liable and Gleed was 55% liable for any portion of the liability that the jury in this case determines is attributable to the defendants in the aggregate.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

November 30, 1993

cc:  John F. Gallant, Esq.
     Lawrence E. Lafferty, Esq.

9

John B. Garvey, Esq.
Donald E. Gardner, Esq.