Hillsborough
No. 91-516

ANHEUSER–BUSCH CO., INC., & a.

v.

DANIEL R. PELLETIER

May 16, 1994

*Devine, Millimet & Branch, P.A.*, of Manchester (*Richard E. Galway* and *Nelson A. Raust* on the brief, and *Mr. Galway* orally), for the plaintiffs.

*Devine & Nyquist*, of Manchester (*Lee C. Nyquist* and *Kara Marsh-Armstrong* on the brief, and *Mr. Nyquist* orally), for the defendant.

HORTON, J. The defendant appeals a decision of the Superior Court (*Goode*, J.) denying him workers' compensation benefits for an injury to his back. We affirm.

The plaintiffs are the Anheuser-Busch Co., Inc. (the company), and Crawford & Company, the company's workers' compensation carrier. At all times pertinent to this action the defendant was an employee of the company at its brewery in Merrimack. On November 3, 1988, the defendant joined a number of his co-workers for an evening of bowling. As the defendant was reaching for a bowling ball, he suffered severe pains in his back and was carried from the bowling alley. As a result of this injury the defendant was unable to work from November 3, 1988, to January 6, 1989. The defendant brought a claim for workers' compensation alleging that his injury was a recurrence of a back injury previously suffered at work.

On March 16, 1989, a hearing on the defendant's claim was held at the labor department. The hearing officer found the injury compensable. The plaintiffs petitioned the superior court for a *de novo* hearing. RSA 281:37, I (1987) (repealed). The superior court found that the bowling injury was an aggravation of a pre-existing condition, and constituted a new injury for workers' compensation purposes. The court further held that the injury was unrelated to the defendant's employment. The court denied the defendant compensation. We will affirm the trial court's findings unless they are unsupported by the evidence, and we will affirm its rulings unless they are erroneous as a matter of law. *Taylor v. Davidson Rubber Co.*, 122 N.H. 428, 432, 445 A.2d 1119, 1121 (1982).

The defendant does not appeal the ruling that the bowling incident constituted a new injury. He argues, however, that this injury is compensable because it occurred in a peripheral or ancillary activity within the scope of his employment. He contends that, while bowling, he was engaged in a company activity from which the company

gained substantial benefits, and, therefore, the company should bear the costs of any injury incurred during such activity. He presented testimony that he and roughly forty other company employees participated in a company bowling league. The league was one of numerous sports activities under the aegis of a company sports commission. Participation in the bowling league was voluntary. The company penalized no one for failing to take part. The bowling league members paid dues, which were used during the year to pay for bowling. The company also donated $2000, which was used to pay for a year-end banquet and some free strings for the league members. The company provided bulletin board space for sign-up lists, bowling schedules, and notices. The same bulletin board was used by numerous other company sports leagues.

Both parties rely heavily on the case of *Murphy v. Town of Atkinson*, 128 N.H. 641, 517 A.2d 1170 (1986). *Murphy* involved a workers' compensation claim by a volunteer fireman who was injured playing softball during a firefighters' picnic. The picnic was not sponsored by the claimant's employer, but instead by an affiliated firefighters association that ran socially oriented activities and occasionally purchased equipment for use by the fire department. *Id.* at 643, 517 A.2d at 1171.

In *Murphy* we summarized the standards this court has developed for determining when peripheral employee activities fall within the scope of the worker's employment:

> "[A] claimant must prove (1) that the injury arose out of employment by demonstrating that it resulted from a risk created by the employment, and (2) that the injury arose in the course of employment by demonstrating that (A) it occurred within the boundaries of time and space created by the terms of employment, and (B) it occurred in the performance of an activity related to employment, which may include a personal activity if reasonably expected and not forbidden, or an activity of mutual benefit to employer and employee."

*Id.* at 645–46, 517 A.2d at 1172–73 (citations omitted). The test contains three elements, one related to the first prong, and two related to the second. Failure to prove any one of the elements is fatal to a claimant's case.

As in *Murphy*, the defendant in the instant case failed to prove the first prong of the test; namely, that his injury was a risk that arose from, or was created by, his employment with the com-

pany. At the time of his injury, he was not on company property, was not engaged in any activities related to brewing beer, was not within his employer's control, and was not required by his employer to be bowling. *See id.* at 646, 517 A.2d at 1173. The defendant conceded he would have experienced no penalty for refusing to participate in the bowling league. Nothing in the record shows that the defendant was injured by or while using the company's equipment. The only differences between the instant case and *Murphy* are that the company encouraged participation in sports by providing bulletin board space and by making a donation to the bowling league. We hold that this encouragement and sponsorship, by itself, does not create a sufficient causal connection between the defendant's employment and his risk of injury while bowling.

The defendant argues that but for his employment with the company he would not have been injured at the bowling alley because he would not have been a member of the company bowling league. In effect, the defendant is arguing that if he had not joined the company he would not have been socializing with its employees at the time and location that he was. This attenuated connection between employment and risk of a bowling injury is too broad. Most employees participate in social activities with their co-workers. The defendant's argument would allow almost any employee to claim that the risk of any injury occurring in the company of co-workers is related to the claimant's employment. The failure of the defendant to establish the requirements of this first prong of the *Murphy* test is sufficient to support the superior court's denial of compensation.

 Nor did the defendant satisfy the second prong of the *Murphy* test; namely, that his injury arose in the course of his employment. The superior court found that his injury arose from an activity beyond the boundaries of time and space created by the terms of employment, and that the injury arose from an activity that was not related to the defendant's employment. The defendant argues that his injury arose in the course of his employment because he was engaged in an activity of mutual benefit to the company and himself. Demonstrating a mutual benefit to the employer and employee is one of two ways a claimant may prove that the activity was related to the employment. It is not a means to prove that the activity took place within the boundaries of time and space created by the employment. In any event, the defendant failed to demonstrate that the mutual benefit test was met. To show a mutual benefit, a defendant must

show that the employer derives a substantial, direct benefit "from the activity beyond the intangible value of improvement in employee health and morale that is common to all kinds of recreation and social life." 1A A. LARSON, THE LAW OF WORKMEN'S COMPENSATION § 22.00, at 5–87 (1993). The defendant, in his brief, argued that the bowling league provided the company with the benefits of positive public relations, increased company profits, greater employee productivity potentials, and increased employee morale. He failed, however, to present any evidence related to these claims below.

Because the trial court made no errors of law and its findings of fact are supported by evidence in the record, we affirm.

*Affirmed.*

BROCK, C.J. , concurred specially; the others concurred.

BROCK, C.J. , concurring specially: Because the defendant failed to meet the first prong of the *Murphy* test, I concur in the result reached.