# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0677, <u>James Daneau & a. v. CitiMortgage, Inc.</u>, the court on April 29, 2016, issued the following order:**

Having considered the briefs, the "brief memorandum of law in reply," and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiffs, James Daneau and Beth A. Daneau, appeal an order of the Superior Court (<u>Anderson</u>, J.) granting summary judgment in favor of the defendant, CitiMortgage, Inc., on their complaint seeking to enjoin a foreclosure sale. The trial court ruled that, because it had denied the request to enjoin the foreclosure, because the foreclosure sale went forward, and because the plaintiffs asserted no claims in their complaint other than the request for an injunction, the case was moot. On appeal, the plaintiffs argue that: (1) the trial court's ruling was based upon "different, but irreconcilable, versions of fact with respect to the subject foreclosure sale"; (2) the defendant was judicially estopped from asserting the facts upon which the trial court granted summary judgment; and (3) the trial court should have applied the judicial estoppel doctrine "because the subject foreclosure was the foreclosure of a second mortgage, and not the foreclosure of a first mortgage."

A matter is moot if it no longer presents a justiciable controversy because the issues in the case have become academic or dead. <u>Londonderry Sch. Dist. v. State</u>, 157 N.H. 734, 736 (2008). A case in which a party seeks only to enjoin future conduct becomes moot once that conduct has occurred. <u>See</u> <u>Kenneth E. Curran, Inc. v. Auclair Transp., Inc.</u>, 128 N.H. 743, 746-47 (1986) (finding that claims by unsuccessful bidder on State contract seeking to enjoin the contract's performance became moot once the contract was fully performed). We will uphold the granting of summary judgment if the evidence and all reasonable inferences from it, considered in the light most favorable to the nonmoving party, demonstrates the absence of a genuine dispute of material fact and that the defendant is entitled to judgment as a matter of law. <u>Bond v. Martineau</u>, 164 N.H. 210, 213 (2012).

The plaintiffs filed their complaint in this case on July 2, 2015, requesting that the trial court temporarily enjoin a foreclosure sale scheduled to occur on July 8, 2015 pursuant to a power of sale, <u>see</u> RSA 479:25 (2013) (amended 2015), and permanently enjoin any foreclosure, on the ground that Federal Home Loan Mortgage Corporation (Freddie Mac), and not the defendant, owned their mortgage. The trial court issued a temporary

restraining order with respect to the July 8 foreclosure sale, and scheduled a hearing for July 24, 2015. The defendant postponed the foreclosure sale until July 29, 2015, and objected to the request for an injunction.

With its objection, the defendant submitted an affidavit establishing that the plaintiffs defaulted on a note secured by a mortgage in 2009, that they had not made any payments since the default, and that the defendant had paid more than $35,900 in property taxes and insurance with respect to the mortgaged property since 2009. The affidavit further established that, although Freddie Mac had a beneficial interest in the mortgage and note, the defendant possessed the note, which was endorsed in blank, and had acquired the rights of the original mortgagee in the mortgage. According to the affidavit, the defendant "continue[d] to hold the *Mortgage* and possess the *Note* on behalf of the beneficial owner of both documents, Freddie Mac." Following the hearing, the trial court found that the defendant established that it had "acquired rights to the . . . mortgage, [that it was] the holder of the note, and that [the] Plaintiffs [were] in default." Finding that the plaintiffs were unlikely to succeed on the merits, it dissolved the temporary restraining order.

The foreclosure sale went forward on July 29, 2015. In connection with it, the auctioneer prepared a memorandum of sale by foreclosure, which stated that Freddie Mac was the foreclosing mortgagee and successful bidder. However, the auctioneer subsequently executed an affidavit asserting that he had in fact conducted the foreclosure sale on behalf of the defendant, that the defendant had submitted the prevailing bid, and that the memorandum of sale, to the extent that it stated that Freddie Mac was the foreclosing party and successful bidder, was erroneous. Thus, the auctioneer executed a corrective memorandum of sale by foreclosure reflecting that the defendant was the foreclosing party and prevailing bidder. On September 28, 2015, the defendant assigned its rights under the memorandum of sale to Freddie Mac.

Following the foreclosure sale, the defendant moved for summary judgment, arguing that, because the sale had occurred, and because the plaintiffs had requested no relief other than to enjoin the foreclosure, the case was moot. The plaintiffs objected, arguing that, based upon the original memorandum of sale, and based upon James Daneau's observations at the foreclosure sale, the sale had in fact been conducted by Freddie Mac, and not the defendant. The plaintiffs further argued that the case was not moot because, in their complaint, they had requested that the court allow discovery as to any transfers of the mortgage, that it allow them to amend their complaint based on any discovery, and that it require the defendant to "disclose and substantiate [its] legal standing." The trial court granted the motion, reasoning that "[t]he only relief sought in the complaint [was] an injunction against foreclosure," and that, because "there is no dispute that the foreclosure" had occurred, the plaintiffs could not establish their right to relief.

2

The plaintiffs moved for reconsideration, again arguing that it was Freddie Mac, and not the defendant, who had conducted the foreclosure. They further asserted for the first time that the mortgage at issue was a second mortgage, and that because the first mortgagee would still be entitled to foreclose in the event of a default, and because the defendant, if it acquired the first mortgage, could seek foreclosure under it, the case was not moot. The trial court denied the motion, reasoning that "[t]he only pending claim in this action is a request to enjoin foreclosure on the second mortgage, which has already occurred," and, thus, that the case was moot. This appeal followed.

On appeal, the plaintiffs first argue that the summary judgment ruling was based upon three "different, but irreconcilable, versions of fact"; namely, that Freddie Mac foreclosed and purchased their property, that the defendant foreclosed and purchased their property, and that the defendant foreclosed and assigned its bid to Freddie Mac. To the contrary, the summary judgment ruling was based upon the undisputed fact that the foreclosure sought to be enjoined had already occurred. The only claim for relief that was properly before the trial court at the time that the defendant moved for summary judgment was a request to enjoin a foreclosure sale on the basis that the defendant lacked standing. Cf. Morancy v. Morancy, 134 N.H. 493, 497-98 (1991) (holding that the trial court erred by awarding judgment on a claim that the plaintiffs neither pleaded in their writ of summons nor raised in a motion to amend their writ). Because there is no dispute that that foreclosure sale occurred on July 29, 2015, the trial court did not err by concluding that the case was moot. See Kenneth E. Curran, Inc., 128 N.H. at 746-47.

To the extent that the plaintiffs argue that the defendant should have been judicially estopped from asserting that it conducted the foreclosure sale, the record does not reflect that they raised this argument in the trial court. "It is a long-standing rule that parties may not have judicial review of matters not raised in the forum of trial." Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004). Even if the plaintiffs had raised the argument, however, it is without merit. Judicial estoppel applies when a party successfully maintains a position in one legal proceeding, and asserts a clearly inconsistent position in a later proceeding. Kelleher v. Marvin Lumber & Cedar Co., 152 N.H. 813, 848 (2005). Here, the defendant has consistently maintained that it had standing to foreclose, and that it conducted the foreclosure sale. It is the plaintiffs who have maintained that Freddie Mac had standing and conducted the sale.

Equally without merit is the plaintiffs' argument that "application of judicial estoppel is further warranted because the subject foreclosure was the foreclosure of a second mortgage, and not the foreclosure of a first mortgage." The holder of a junior mortgage may foreclose upon its mortgage, subject to the rights of any prior mortgagees in the mortgaged premises. See Meridith v. Fisher, 121 N.H. 856, 857 (1981); Fletcher v. Chamberlin, 61 N.H.438, 446-47

3

(1881). The mere fact that there may be a prior mortgage that has not been discharged does not create a genuine issue of material fact for trial.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**