Belknap
No. 84-480

WILLIAM R. BUYER

v.

ABUNDANT LIFE FARM, INC.

October 24, 1985

*Gray, Wendell & Clark*, of Manchester (*Grenville Clark, III*, on the brief and orally), for the plaintiff.

*Devine, Millimet, Stahl & Branch P.A.*, of Manchester (*Donald E. Gardner* on the brief and orally), for the defendant.

BATCHELDER, J.   The plaintiff, William Buyer, appeals from the deputy labor commissioner's denial of his claim for workers' compensation. The Superior Court (*Cann*, J.) found that the appeal was not filed within the thirty-day limitation period set out in RSA 281:37 and granted the defendant's motion to dismiss. We reverse.

The plaintiff injured his back on August 18, 1980, while working for the defendant, Abundant Life Farm, Inc. He received workers' compensation from that date until July 19, 1981, when the department of labor discontinued his benefits because he had returned to work. The plaintiff admits that he was employed several times after being injured, but alleges that because of his continuing back pain he was unable to hold any of these jobs for more than three months.

In October 1983 the plaintiff requested that the labor department restore his benefits. A hearing was held, and on January 26, 1984, the deputy labor commissioner issued his decision denying the claim. The rationale for this decision was cryptic. Although the labor department file contains several medical reports from physicians, some of which support the plaintiff's case, the deputy labor commissioner determined that there were "no medical reports submitted which would substantiate the claimant's claim for disability."

On February 21, 1984, the plaintiff's attorney requested a reconsideration of the decision. Noting that the decision "appear[ed] to be based, at least in part, upon a lack of recent medical reports substantiating the claim," the attorney attached to his request an additional medical report dated February 14, 1984. In this report, Dr. H. Taylor Caswell, an orthopedic surgeon and the plaintiff's treating physician, reiterated his opinion that the pulp of one of the plaintiff's intervertebral disks had herniated, that the plaintiff required

myelography, and that he probably would be unable to work until he received treatment.

The deputy labor commissioner responded by letter dated February 27, 1984. He stated that he could not grant the request for reconsideration and advised the plaintiff's attorney that if he was dissatisfied he should appeal the decision to the superior court pursuant to RSA 281:37.

The plaintiff filed an appeal in the superior court on March 2, 1984. The defendant moved to dismiss, contending that the plaintiff had failed to comply with the thirty-day limitation period. The plaintiff objected to this motion on the ground that the deputy labor commissioner's decision had not become final until February 27, 1984, when the labor department denied the plaintiff's request for reconsideration, and that the thirty-day limitation period had begun to run on that day. The plaintiff petitioned in the alternative for the right to appeal under RSA 281:42, which permits parties in workers' compensation cases to file late appeals if they are prevented from filing within the thirty-day limitation period through "mistake, accident, or misfortune." The trial court ruled against the plaintiff on both counts, and this appeal followed.

We must decide what effect, if any, a request for reconsideration has on the running of the thirty-day limitation period set forth in RSA 281:37. Our task is rendered more difficult by the fact that it is unclear what the practice of the labor commissioner is with respect to entertaining reconsideration requests. RSA 281:37 contains no provision for such requests. The labor department's regulations likewise do not specify any means by which an aggrieved party in a workers' compensation case may seek to reopen the matter following a decision by the commissioner. See N.H. ADMIN. R., Lab. ch. 200. Nonetheless, workers' compensation practitioners seem to make reconsideration requests with some frequency. See *Ryan v. Perini Power Constructors*, 126 N.H. 171, 489 A.2d 137 (1985); *Taylor v. Davidson Rubber Co.*, 122 N.H. 428, 445 A.2d 1119 (1982). The labor department apparently has not adhered to a consistent policy in this regard.

The nature of the deputy labor commissioner's decision denying the claim further confuses matters. Although the plaintiff submitted medical evidence, the deputy commissioner apparently neglected to consider it. The plaintiff's attorney construed the decision as an implicit invitation to submit additional evidence clarifying his position. Under these narrow circumstances, the plaintiff can hardly be faulted for attempting to ensure that his administrative remedies were exhausted before pursuing a de novo trial before the superior court.

The purpose of the workers' compensation law is to afford employees a sure remedy when they are injured on the job and to provide for a fair resolution of disputed claims. The short time limitations governing review and appeal are designed to prevent unnecessary delays in the administration of the statute. *Tabor v. Goodhue*, 105 N.H. 314, 316, 199 A.2d 102, 104 (1964). In the instant case, any such delays were occasioned primarily by the murkiness of the deputy labor commissioner's decision and the unsettled state of the labor department's policy regarding requests for reconsideration. They are not attributable to the plaintiff. We will not interpret a remedial statute in a mechanistic fashion when doing so would defeat the statute's purpose. *Cf. Appeal of Gallant*, 125 N.H. 832, 485 A.2d 1034 (1984) (unemployment compensation).

Under the particular circumstances of this case and the department's rules and practice, the plaintiff's request for reconsideration tolled the running of the thirty-day limitation period. He filed his reconsideration request twenty-six days after the deputy labor commissioner issued his decision; he thus had four days from the labor department's February 27, 1984, response in which to appeal to the superior court. Because he filed his appeal within this period he met the requirements of RSA 281:37, and the motion to dismiss should have been denied.

Since the plaintiff's appeal was timely, we need not consider his contentions under RSA 281:42.

*Reversed.*

JOHNSON, J., did not sit; the others concurred.