Z.A., parent; Bobby A., Plaintiffs–Appellants,

v.

SAN BRUNO PARK SCHOOL DISTRICT, Defendant,

San Mateo County Superintendent of Schools, Defendant–Appellee.

No. 97–16692.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 1998.

Decided Jan. 28, 1999.

Michael A. Zatopa, Law Offices of Michael A. Zatopa, San Francisco, California, for the plaintiffs-appellants.

Leigh Herman, Deputy County Counsel, Redwood City, California, for the defendants-appellees.

Before: FLETCHER and TASHIMA, Circuit Judges, and BRYAN,[1] District Judge.

BRYAN, District Judge:

### I.

Plaintiffs–Appellants Bobby A., a "child with a disability" pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400–1485, and Z.A., Bobby's mother, appeal the district court's ruling that they are not entitled to attorney's fees for the successful administrative resolution of a dispute regarding Bobby's special education placement. The Defendants–Appellees are the San Bruno Park School District and the San Mateo County Superintendent of Schools (collectively "San Mateo Schools"). The district court denied the appellants' motion for fees because their attorney, Mr. Paul Foreman, was not a member of the California State Bar at the time of the administrative proceedings. We must decide whether a party, represented by an attorney who is admitted to the United States District Court for the Northern District of California but is not admitted to the California State Bar, may be awarded attorneys' fees for a state administrative proceeding under the IDEA.

### II.

The San Mateo Schools are responsible for providing special education services to qualified students pursuant to the California Special Education Programs Act, Cal. Educ. Code § 56000–56885 and the IDEA, 20 U.S.C. §§ 1400–1485. Bobby A., a student in the San Mateo Schools, is a qualified special education student because of significant cognitive deficits.

In 1995, Z.A., Bobby A.'s mother, disputed the San Mateo Schools' special education placement of Bobby. To assist her, Z.A. retained the services of Mr. Foreman, a staff member of the Community Alliance for Special Education (CASE), a California nonprofit corporation that advocates for parents of disabled children. Mr. Foreman is an attorney who, at the time of his representation of Z.A., was admitted to the United States District Court for the Northern District of California. Mr. Foreman was not admitted to the California State Bar.

State administrative proceedings were conducted by the California Special Education Office in December 1995 and January 1996. Mr. Foreman, on behalf of Z.A. and Bobby A., prevailed. Thereafter, Z.A. and Bobby A. sought to recover attorneys' fees, first demanding the fees directly from the San Mateo Schools. When the demand was rejected because Mr. Foreman was not admitted to the California State Bar, Z.A. and Bobby sued the San Mateo Schools in the United States District Court for the Northern District of California.

The district court granted San Mateo Schools' Motion for Summary Judgment and denied Plaintiffs' Motion for Summary Judgment, holding that an attorney licensed to practice in the federal bar of the Northern District of California, but not the state bar, is not entitled to recover attorneys' fees for work performed in a state administrative hearing. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm. We review de novo both the district court's grant of summary judgment (*Margolis v. Ryan*, 140 F.3d 850, 852 (9th Cir.1998)), and the district court's conclusions of law (*Torres–Lopez v. May*, 111 F.3d 633, 638 (9th Cir.1997)).

### III.

The first question raised by this appeal is whether the administrative proceedings were

---

1. The Honorable Robert J. Bryan, United States District Judge for the Western District of Washington sitting by designation.

state or federal in nature. For a California school district to receive federal funding for the special education of disabled children under the California Special Education Programs Act, Cal. Educ.Code § 56000–56885, it must comply with the impartial due process safeguards required by the IDEA in 20 U.S.C. § 1415. Section 1415 specifically states that a due process hearing shall be conducted by the state educational agency or by local educational agency "as determined by State law or by the State educational agency." 20 U.S.C. § 1415(f)(1). Accordingly, California prescribes due process hearing rights, including "[t]he right to a fair and impartial administrative hearing at the state level, before a person knowledgeable in the laws governing special education and administrative hearings …". Cal. Educ.Code § 56501(b)(4).

In compliance with the California Special Education Programs Act and the IDEA, the parties here appeared before the California Special Education Hearing Office, and administrative proceedings were conducted. Those proceedings were state proceedings. The existence of federal requirements does not convert state proceedings into federal proceedings. The only federal proceeding involved in this case is the present appeal to reverse the adverse decision on attorneys' fees.

## IV.

■ The second, and primary issue presented in this appeal is whether a lawyer who prevails in a state administrative proceeding must be admitted to the California State Bar in order to collect attorney's fees under the IDEA.

The IDEA provides that, after a final decision of a state educational agency, the parents of a disabled child may, in the discretion of the court, be awarded reasonable attorneys' fees if they are the prevailing parties. 20 U.S.C. § 1415(e)(4)(B). In California, no person may recover compensation for services as an attorney in California unless he or she was a member of the state bar at the time the services were rendered. *Birbrow-*

*er, Montalbano, Condon, & Frank v. Superior Court,* 17 Cal.4th 119, 127, 70 Cal.Rptr.2d 304, 949 P.2d 1, *cert. denied,* —— U.S. ——; 119 S.Ct. 291, —— L.Ed.2d——(1998). *See also Longval v. Workers' Compensation Appeals Bd.,* 51 Cal.App.4th 792, 59 Cal.Rptr.2d 463, 469 (Cal.Ct.App.1996) (holding that an attorney licensed in North Carolina and Guam, but not California, cannot be awarded fees for assisting applicants for workers' compensation benefits before the Workers' Compensation Appeals Board); *Arons v. New Jersey State Bd. of Educ.,* 842 F.2d 58 (3d Cir.1988) (refusing fees to a lay advocate for parents of disabled children at administrative hearings conducted by the State of New Jersey Office because she was not a lawyer).

Mr. Foreman was admitted to practice in the United States District Court for the Northern District of California in February 1992, in compliance with Northern Dist. Cal. Rule 11.1(a) which did not require admission to the California State Bar.[2] At the time he represented the appellants, Mr. Foreman was on inactive status with the Pennsylvania State Bar, and had not been admitted to the bar of the State of California. The appellants argue that Mr. Foreman's admission to the local federal bar is sufficient because his representation of the appellants pertained to federal law. The appellees contend that any person practicing law in a state proceeding, and seeking attorney's fees, must be admitted to the California State Bar.

In the state of California, a person must be an active member of the California State Bar in order to practice law. Cal. Bus. & Prof. Code § 6125. Any person advertising or holding himself out as practicing or entitled to practice law or otherwise practicing law, who is not an active member of the state bar, is guilty of a misdemeanor. Cal. Bus. & Prof.Code § 6126(a).

The district court ruled that Mr. Foreman was not licensed to practice law and, therefore, was not entitled to collect attorney's fees for his services in the state administrative proceeding. The district court held that

---

**2.** Effective September 1, 1995, new admittees to the bar of the Northern District of California are required to be members of the California State Bar. Northern Dist. Cal. Rule 11.1(b).

Mr. Foreman could only appear at the hearing in a nonlawyer advisor capacity, as allowed under both the IDEA and the California Special Education Programs Act. *See* 20 U.S.C. § 1415(d)(1) ("the right to be accompanied and advised by counsel and by individuals with special knowledge or training with respect to the problems of children with disabilities"); Cal. Educ.Code § 56505(e)(1) ("The right to be accompanied and advised by counsel and by individuals with special knowledge or training relating to the problems of children and youth with disabilities."). The district court's decision is supported by *Birbrower*, a recent and significant case on the question of the practice of law by attorneys not admitted to the California bar.[3] *Birbrower v. Superior Court, supra.*

■ The *Birbrower* decision defined the practice of law in California within the meaning of Cal. Bus. & Prof.Code § 6125 and described exceptions to § 6125 where the practice of law in California by attorneys not admitted to the California bar is allowed. 17 Cal.4th at 127–31, 70 Cal.Rptr.2d at 308–311, 949 P.2d at 5–7. None of the exceptions listed in *Birbrower* fit the facts presented here. Mr. Foreman did not appear in federal court, but in a state administrative proceeding. Despite the appellants' urging, we will not create a new exception for the same reason that the California Supreme Court refused to carve a new exception for private arbitration proceedings in *Birbrower*. Exceptions to bar admission are matters for the state legislature. *See* 17 Cal.4th at 133–34, 70 Cal.Rptr.2d at 311–12, 949 P.2d at 8–9.

The appellants rely on *Abu–Sahyun v. Palo Alto Unified School Dist.,* 843 F.2d 1250 (9th Cir.1988) for the proposition that a prevailing disabled student should recover attorneys' fees unless special circumstances would render the award unjust. In *Abu–Sahyun,* we set forth two factors for the district court to consider before determining if special circumstances existed: "(1) whether awarding fees would further the congressional purpose in enacting the Education of the

Handicapped Act,[4] and (2) the balance of the equities." *Id.* at 1253.

The *Abu–Sahyun* decision offers no aid to the appellants. First, that case did not involve the issue of whether, under the IDEA, an attorney must be licensed in the state where the state administrative proceedings were conducted in order to be eligible for attorney's fees. Further, while Mr. Foreman's representation may have furthered the congressional purpose of the IDEA, awarding attorney's fees to unlicensed individuals does not further the purposes of the statute. As to equities, it should be noted that paying non lawyers who are practicing without a license violates California law. Cal. Bus. & Prof.Code § 6125; *Birbrower,* 70 Cal.Rptr.2d 304, 949 P.2d at 7, 10. The appellants argue that this case is unique, and that there is no good reason to deny fees. On balance, however, the equities favor application of the law forbidding the unauthorized practice of law and denying recovery of attorney fees to those lawyers unauthorized to practice in state proceedings.

## V.

A person is or is not licensed to practice law in a particular forum. There is no halfway. If not licensed, one cannot practice in that forum, and cannot charge, or receive attorney's fees for such services under penalty of criminal law. Mr. Foreman was not licensed to practice in California, including in state administrative proceedings. While he could appear as a lay advisor, he cannot charge or collect fees for services as an attorney in those proceedings.

**AFFIRMED.**

---

3. *Birbrower* was decided after the district court's ruling.

4. The Education of the Handicapped Act, 28 U.S.C. § 1401–1461, is a predecessor to the IDEA.