Amy M. et al. v. Timberlane Sch.          CV-99-269-B    08/11/00

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW HAMPSHIRE

Amy M. and Susan J., as parent
and next friend of Amy M.

   v.                                 Civil No. 99-269-B
                                        Opinion No. 2000 DNH 181

Timberlane Regional School District
and SAU #55, Plaistow, NH

### MEMORANDUM AND ORDER

Susan J. brought this action on behalf of her daughter, Amy M., to recover attorney's fees that she incurred in challenging her daughter's educational placement under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C.A. § 1400 et seq. Defendants (collectively, "the School District") have moved for summary judgment alleging that (1) plaintiff's complaint is time-barred; and (2) she is not entitled to an award of attorney's fees because her attorney, Mary Ann Chase, is a relative who was not admitted to practice law in this state when she provided the

legal services at issue.[1] For the following reason, I reject both arguments and deny the School District's motion.

## I.   BACKGROUND[2]

Amy was born June 23, 1982.  She began her schooling in the Timberlane Regional School District in the first grade.  At the age of seven, Amy was diagnosed with Attention Deficit Hyper-activity Disorder ("ADHD").  Although the School District did not find that Amy required any special education services, she experienced an increasing number of academic and behavioral problems during her early school years.

_____

[1] For the purposes of its motion, the School District assumes that plaintiff qualifies as a prevailing party.  See 20 U.S.C.A. § 1415(i)(3)(B) (West 2000) ("In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party.").

[2] I take the facts from the hearing officer's January 11, 1999 order and the proposed joint statements of material facts, and objections thereto, that the parties have submitted pursuant to Local Rule 9.3.  The parties do not appear to dispute the facts relevant to the disposition of the School District's motion for summary judgment.

Amy entered Timberlane Regional High School ("TRHS") in the fall of 1996. She left school on or about April 7, 1997, facing the threat of expulsion for disciplinary reasons. Around the same time, Amy's mother filed a complaint with the United States Department of Education's Office of Civil Rights charging that the School District had violated Amy's rights by denying her educational services and failing to take her disability into account when disciplining her. The School District settled the complaint by, among other things, agreeing to evaluate Amy and convene a meeting to discuss an appropriate educational placement for her.

After Amy was evaluated in August 1997, the School District prepared an Individualized Education Program ("IEP") for Amy which proposed that she receive special education services in a regular classroom setting. Amy's mother accepted the proposed IEP but asked the School District to implement the IEP by placing Amy at a private school. Although the School District did not deem a private school placement to be necessary, it made repeated

but unsuccessful efforts to accommodate Amy's mother's request. It also conducted several unsuccessful mediation sessions in an effort to agree on an alternative placement. Amy did not attend school while these efforts were ongoing.

The School District developed a new IEP for Amy in August 1998. The new IEP included a proposal that Amy attend public school and be enrolled in the School District's Transitional Educational Program. Amy's mother objected to the proposed IEP and filed a request for a due process hearing in October 1998. She also argued that the School District had violated the IDEA by failing to provide Amy with an appropriate educational placement since April 1997.

A due process hearing was held before a New Hampshire Department of Education hearing officer on January 4-6, 1999. On January 11, the hearing officer issued a "Final Decision" in which she determined that although the School District's proposed placement was acceptable, the School District had denied Amy her right to a free and appropriate public education since September

1997, when it determined that she was eligible for special educational services. Accordingly, the hearing officer ordered the School District to provide Amy with additional specified services to address "some of the losses that were occasioned by the mishandling of this case." Hearing Officer Order at 16. Plaintiff and the School District received copies of the hearing officer's decision via certified mail on January 22 and 23, 1999, respectively.

On January 25, 1999, plaintiff filed a motion for reconsideration in which she requested that Amy be awarded two years of compensatory, post-graduation education. In its January 26 opposition, the School District argued that plaintiff's motion for reconsideration was untimely. The hearing officer rejected the School District's timeliness argument but denied plaintiff's motion on the merits. The hearing officer issued her order denying the motion on February 15 and plaintiff received a copy of the order via ordinary mail on February 16.

Shortly thereafter, plaintiff sent the School District a request for attorney's fees which the School District refused on May 27, 1999. Plaintiff filed the present action to recover attorney's fees on June 15, 1999.

## II. STANDARD OF REVIEW

Summary judgment is appropriate if the record, viewed in the light most favorable to the non-moving party, shows that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. See Fed R. Civ. P. 56(c); Commercial Union Ins. Co. v. Walbrook Ins. Co., 7 F.3d 1047, 1050 (1st Cir. 1993). A material fact is one "that might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine factual issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has properly supported its motion, the burden shifts to the nonmoving party to "produce evidence on which a reasonable finder of fact, under the appropriate proof burden, could base a verdict for it; if that party cannot produce such evidence, the motion must be granted." Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 94 (1st Cir. 1996) (citing Celotex, 477 U.S. at 323; Anderson, 477 U.S. at 249). I apply this standard in ruling on the School District's motion for summary judgment.

### III.  DISCUSSION

The School District claims that plaintiff's claim is barred by the applicable statute of limitations. It also argues that

plaintiff is not entitled to attorney's fees because her counsel is a relative who was not admitted to practice law in New Hampshire when she provided the legal services at issue. I address each argument in turn.

## A.    Statute of Limitations

The IDEA does not specify a limitations period during which an appeal from an administrative decision or an action for attorney's fees must be filed. As a result, a federal court must look to state law to determine the correct limitations period. See Providence Sch. Dep't v. Ana C., 108 F.3d 1, 2-3 (1st Cir. 1997); Murphy v. Timberlane Reg'l Sch. Dist., 22 F.3d 1186, 1190 (1st Cir. 1994). In the IDEA context, New Hampshire requires that an appeal from a "final administrative decision" or an action "seeking reimbursement for attorney's fees" be commenced within 120 days "from receipt of the final decision," copies of which will be sent by certified mail. N.H. Rev. Stat. Ann. § 186-C:16-b IV, V (1999).

Neither N.H. Rev. Stat. Ann. § 186-C:16-b nor the New Hampshire Department of Education's IDEA regulations defines the term "final administrative decision." Nor has the New Hampshire Supreme Court been called upon to interpret this provision. The court, however, has addressed the general issue of whether a motion for reconsideration, the filing of which is not authorized by the governing statute and regulations, affects the running of the limitations period for seeking judicial review of an administrative decision. In Petition of Ellis, the New Hampshire division of human services issued an order denying the petitioner's claim for medical assistance. Rather than immediately seeking judicial review, the petitioner filed two unsuccessful motions for rehearing. When the petitioner ultimately filed a notice of appeal with the New Hampshire Supreme Court, the division argued that the appeal was untimely because the petitioner had not filed his notice of appeal within 30 days of its initial order denying his claim. See Petition of Ellis, 138 N.H. 159, 159-60, 636 A.2d 62, 62 (1993) (per curiam).

The Supreme Court began its analysis by noting that the petitioner had no statutory right to appeal because "[t]he sole means of obtaining judicial review of a fair hearings decision of the division of human services is by a petition for writ of certiorari." Id. at 160, 636 A.2d at 62. The court then noted that the limitations period for filing a writ of certiorari challenging an administrative decision is the 30-day period specified in N.H. Rev. Stat. Ann. § 541:6, the statute governing appeals from certain agency decisions. Id. After identifying the appropriate limitations period, the court then considered whether the limitations period began to run from the date of the original decision, the date that the division denied the first motion for rehearing, or the date that it denied the second motion for rehearing. In concluding that the limitations period began to run from the date of the ruling on the first motion for rehearing even though the division's rules did not authorize the filing of rehearing motions the Court explained

> [i]n cases where no agency rule or applicable statute
> sets a different time limit for seeking rehearing or

reconsideration of agency orders or decisions, that policy is furthered by permitting a petitioner, who files a motion for rehearing with a state adminis-trative agency within the analogous [thirty]-day period set forth in RSA 541:3 and whose motion is acted upon on the merits by the agency, to thereafter file a certiorari petition within thirty days.

Id., 636 A.2d at 63.[3]  See also Appeal of Golding, 121 N.H. 1055,

1057-58, 438 A.2d 292, 294 (1981) (per curiam) (writ of

certiorari filed within 30 days of ruling on motion for rehearing

timely even though agency rules did not contemplate motions for

rehearing).[4]

---

[3]  The court rejected petitioner's claim that the appeal period should not begin to run until the court ruled on his second motion for rehearing because the analogous provision in N.H. Rev. Stat. Ann. § 541:6 provided that the appeal period began to run after the ruling on the first motion for rehearing. Petition of Ellis, 138 N.H. at 161, 636 A.2d at 63.

[4]  The court followed a somewhat different approach in Buyer v. Abundant Life Farm, Inc., 127 N.H. 345, 499 A.2d 1011 (1985). As in Petition of Ellis, the statute and regulations at issue in Buyer did not authorize a party to file a motion for recon-sideration, but the practice of the agency was to permit such motions.  In Buyer, however, the court determined that the limitations period began to run when the agency issued its decision but that the limitations period was tolled during the time that the motion for reconsideration was pending.  See id. at 348, 499 A.2d at 1012.
I decline to follow Buyer to the extent that it is

-11-

The School District argues that I should not rely on chapter 541 in this case because chapter 541 does not directly apply to an IDEA action. I reject this argument. Petition of Ellis demonstrates that chapter 541 need not be directly applicable to be relevant. Indeed, looking to chapter 541 for guidance is particularly appropriate in an IDEA action. Prior to the enactment of RSA 186-C:16-b, courts "borrowed" the thirty-day limitation period in RSA 541:6 because they concluded that it was the most analogous state statute of limitations to apply in an IDEA case. See Herbert v. Manchester N.H., Sch. Dist., 833 F. Supp. 80, 83-84 (D.N.H. 1993); Valerie J. v. Derry Coop. Sch. Dist., 825 F. Supp. 434, 438 (D.N.H. 1993).

In the absence of clear guidance from either the statute or its implementing regulations that the legislature intended a contrary result, I conclude that the New Hampshire Supreme Court

inconsistent with Petition of Ellis because Buyer was decided under a different statutory scheme and, in any event, Petition of Ellis represents the New Hampshire Supreme Court's most recent position on the effect that an unauthorized motion for reconsideration has on the running of a limitations period.

would apply the approach articulated in <u>Petition of Ellis</u> and determine that a hearing officer's decision denying a motion for rehearing on the merits is the "final administrative decision" triggering the commencement of the 120-day period specified in N.H. Rev. Stat. Ann. § 186-C:16-b V. Accordingly, because the hearing officer accepted plaintiff's motion for reconsideration and rejected the School District's argument that the motion was untimely, the time for filing a motion for attorney's fees did not begin to run until the hearing officer denied the motion for reconsideration on February 15.[5] Under N.H. Rev. Stat. Ann. § 186-C:16-b V, plaintiff had 120 days from this date in which to file her federal action to recover attorney's fees. Because

---

[5] I also reject the School District's argument that the hearing officer's February 15 order cannot be a final administrative decision for purposes of N.H. Rev. Stat. Ann. § 186-C:16-b because the hearing officer sent it to the parties by ordinary mail, rather than certified mail, as is required by the statute. <u>See</u> N.H. Rev. Stat. Ann. § 186-C:16-b IV, V (providing that all final decisions "shall be sent certified mail, return receipt requested"). The hearing officer's error in failing to follow the technical requirements of N.H. Rev. Stat. Ann. § 186-C:16-b does not strip her February 15 order of its status as the final administrative decision in this case.

-13-

plaintiff filed her action within that period, her claim is not time-barred.

**B.    Attorney Chase's Status**

The School District argues that plaintiff is not entitled to attorney's fees because her attorney is not a member of the New Hampshire bar.  It also asserts that an award of attorney's fees is improper because plaintiff's attorney is a relative.  Neither argument has merit.

The IDEA gives a parent the right to be accompanied and advised by counsel at a due process hearing.  See 20 U.S.C.A. § 1415(h)(1) (West 2000); 34 C.F.R. § 300.509 (a)(1)(1999).  The New Hampshire regulations implementing the IDEA additionally require that a parent's counsel be an attorney.  See N.H. Code Admin. R. Ed. 1128.09 (b)(1) (1998).  Nothing in either the IDEA or the regulations, however, expressly conditions a parent's right to recover attorney's fees on her attorney being a member of the bar of the state in which the legal services are rendered. The only limitation that the IDEA imposes on the recovery of

attorney's fees by a prevailing party relate to the circumstances under which the fees were incurred, rather than the status of the person who incurred the fees.[6] See 20 U.S.C.A. § 1415(i)(3)(D), (F) (West 2000). Accordingly, the IDEA does not bar a court from awarding attorney's fees to a plaintiff who has chosen to be represented by an attorney from another state.

The School District nevertheless argues that plaintiff should be barred from recovering attorney's fees because her attorney engaged in the unauthorized practice of law. I reject this argument because it is based upon a mistaken interpretation of New Hampshire law. Although N.H. Rev. Stat. Ann. § 311:7 provides that "[n]o person shall be permitted commonly to practice as an attorney in court unless he has been admitted by the court and has taken the oath prescribed in RSA 311:6," N.H.

---

[6] For example, the IDEA either precludes or limits recovery of attorney's fees if (1) a parent rejects a timely and reasonable written settlement offer; (2) the fees sought were incurred in connection with a meeting between a parent and a school that was not a due process hearing; and/or (3) the award is inflated due to a parent's dilatory conduct or an attorney's incurrence of an unreasonable fee. See 20 U.S.C.A. § 1415(i)(3)(D),(F).

Rev. Stat. Ann. § 311:7 (1995), the New Hampshire Supreme Court has held that a person may appear in court on another person's behalf without being admitted to practice in New Hampshire as long as the person is of good character and does not commonly practice law in this state. See Appeal of Campaign for Rate Payers' Rights, 137 N.H. 707, 715, 634 A.2d 1345, 1351 (1994); New England Capital Corp. v. Finlay Co., 137 N.H. 226, 227, 624 A.2d 1358, 1359 (1993). The School District does not challenge Chase's character. Nor does it suggest that she commonly practices law in New Hampshire. Accordingly, it cannot claim that she engaged in the unauthorized practice of law by representing Amy at the due process hearing.[7]

The School District's final argument is that plaintiff is

_____

[7] The Ninth Circuit's decision in Z.A. v. San Bruno Park Sch. Dist., 165 F.3d 1273 (9th Cir. 1999) is distinguishable because the due process hearing at issue in that case occurred in California where state law prohibits a person from receiving "compensation for services as an attorney in California unless he or she was a member of the state bar at the time the services were rendered." Id. at 1275. The school district has failed to identify any similar limitation that exists under New Hampshire law. Hence, the Ninth Circuit's decision is distinguishable.

-16-

not entitled to fees because Chase is plaintiff's aunt and Amy's great aunt. According to the School District, the rule that an attorney-parent who represents herself and her child at a due process hearing is not entitled to recover attorney's fees under section 1415(i)(3)(B), see Doe v. Board of Educ. of Baltimore County, 165 F.3d 260, 263, 264 (4th Cir. 1998), cert. denied, 526 U.S. 1159 (1999); Woodside v. School Dist. Of Philadelphia Bd. of Educ., No. CIV. A. 99-1830, 2000 WL 92096, at *4 (E.D. Pa. Jan. 27, 2000); Rappaport v. Vance, 812 F. Supp. 609, 612 (D. Md. 1993), applies in this case because Chase is a "close relative" of Amy. I reject this argument as well. An attorney-parent is precluded from recovering attorney's fees because the IDEA's fee-shifting provision is intended to encourage parents to seek independent legal counsel. Courts are concerned that an attorney-parent's emotions will cloud her legal judgment and adversely affect her representation of her child. See Doe, 165 F.3d at 263; Woodside, 2000 WL 92096, at *5; Rappaport, 812 F. Supp. at 611. Moreover, courts observe that parents, unlike more

-17-

distant relatives, do not need the incentive of a fee-shifting provision to advocate for their children. See Doe, 165 F.3d at 264.

The School District has pointed to no case, and I have been unable to find one, holding that any family relationship between a child and her attorney necessarily precludes an award of attorney's fees. Aside from noting the degree of relationship between Chase and Amy -- great aunt and great niece -- the School District has pointed to nothing that suggests Chase lacked the necessary independence to represent Amy's interests at the due process hearing. As a result, the School District has not carried its burden regarding this basis for its motion for summary judgment. Therefore, I deny the School District's motion on this ground.

## IV. CONCLUSION

For the foregoing reasons, I deny the District's motion for summary judgment (doc. no. 10). Pursuant to my order granting

the parties' joint motion to extend the deadline for filing their decision memoranda (doc. no. 14), the parties will file their decision memoranda no later than 30 days from the date of this order.

    SO ORDERED.


_____
Paul Barbadoro
Chief Judge

August 17, 2000

cc:  Arpiar Saunders, Jr., Esq.
     Diane McCormack, Esq.
     Mary Ann Chase, Esq.