**Isaac SANTY; Charlyn Horton, Parents of Isaac Santy, Plaintiffs–Appellants,**

v.

**CHARTER OAK UNIFIED SCHOOL DISTRICT, Defendant–Appellee.**

**No. 05-55366.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2007.

Filed Feb. 16, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Suzanne B. Conlon, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Tania L. Whiteleather, Esq., Law Offices of Tania L. Whiteleather, Lakewood, CA, Melvin Teitelbaum, Esq., Los Angeles, CA, for Plaintiffs–Appellants.

John E. Hayashida, Esq., Parker and Covert, Tustin, CA, for Defendant–Appellee.

Before: CANBY and THOMAS, Circuit Judges, and CONLON *, District Judge.

## MEMORANDUM **

Plaintiff-appellants Isaac Santy and Charlene Horton ("Santy"), appeal a district court decision granting $1500 in attorney's fees under the Individuals with Disabilities Education Act ("IDEA") attorneys' fee provision, 20 U.S.C. § 1415(i)(3)(B). Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

The IDEA provides that "[i]n any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs." 20 U.S.C. § 1415(i)(3)(B).

■ The district court did not err in holding that fees for the services of Vikki Rice, a nonlawyer educational consultant, are non-recoverable. *See Arlington Central Sch. Dist. Bd. of Educ. v. Murphy*, —— U.S. ——, 126 S.Ct. 2455, 165 L.Ed.2d 526 (2006) (holding that nonlawyer expert or consultant fees for services rendered during IDEA due process proceedings cannot be considered "costs" under

---

* The Honorable Suzanne B. Conlon, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

§ 1415(i)(3)(B)). *See also Shapiro v. Paradise Valley Unified Sch. Dist. No. 69,* 374 F.3d 857, 861–62 (9th Cir.2004) (holding that a parent cannot recover fees for the services of a person not licensed to practice law in the state that provides the IDEA due process hearing); *Z.A. v. San Bruno Park Sch. Dist.,* 165 F.3d 1273, 1274–76 (9th Cir.1999) (same).

■ However, the district court abused its discretion in awarding no more than $1,500 for the services of Tania Whiteleather—an attorney licensed to practice in California. The district court limited the award to the fee negotiated in the legal services agreement—without actually calculating the reasonable number of hours expended at a reasonable hourly rate. This is an improper method of calculation. *See Blanchard v. Bergeron,* 489 U.S. 87, 93, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989) ("[Reasonable attorneys' fees] contemplates reasonable compensation, in light of all the circumstances, for the time and effort expended by the attorney for the prevailing plaintiff, no more and no less. Should a fee arrangement provide less than a reasonable fee calculated in this manner, the defendant should nevertheless be required to pay the higher amount.").

In addition, to the extent that the district court actually computed the reasonable value of Whiteleather's services, it abused its discretion in discounting any services rendered by Whiteleather beyond April 26, 2002; there is no basis for discounting Whiteleather's services rendered on May 1, 2, 5, 7, and 10 of 2002. We remand to the district court for determination of Whiteleather's legal services and costs consistent with this disposition.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

We award Whiteleather her reasonable attorneys' fees and costs for prosecuting this appeal.

**REVERSED AND REMANDED.**