**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| L.M. a minor, by and through his Guardian *ad litem*, SAM M. and MARIETTE M.; SAM M. on his own behalf; and MARIETTE M. on her own behalf,<br><br>        Plaintiffs-Appellants, Cross-Appellees,<br><br>  v.<br><br>CAPISTRANO UNIFIED SCHOOL DISTRICT,<br><br>        Defendant-Appellee, Cross-Appellant. | No. 10-55559 and 10-56243<br><br>D.C. No. 2:06-cv-3049 ABC (JCx)<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, District Judge, Presiding

Argued and Submitted November 7, 2011
Pasadena, California

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: SCHROEDER and LEAVY, Circuit Judges, and GILLMOR, District Judge.[**]

L. M. was a severely autistic two-year-old child residing in the Capistrano Unified School District ("School District"). L. M.'s parents ("Parents") sought a free and appropriate public education ("FAPE") pursuant to the Individuals with Disabilities Education Act ("IDEA"). The School District offered L. M. several Individual Education Plans ("IEPs") in early 2005. The Parents rejected the proposed IEPs and challenged their validity before an administrative law judge ("ALJ") pursuant to the IDEA. At the administrative proceeding, the Parents prevailed on some claims and failed on others. The Parents appealed the ALJ's decision to the United States District Court for the Central District of California. The district court reviewed the ALJ's decision and reversed on procedural grounds, but did not reach the substantive merits of the proposed IEPs. On appeal, a panel before this Court reversed the district court's decision and held that there had been no procedural violations. *L. M. v. Capistrano Unified Sch. Dist.*, 556 F.3d 900, 910-11 (9th Cir. 2009). The case was remanded to the district court to determine whether the proposed IEP was valid on substantive grounds. On remand, the district court affirmed the ALJ's decision and held that L. M.'s proposed IEP was

---

[**] The Honorable Helen W. Gillmor, United States District Judge for the District of Hawaii, sitting by designation.

reasonably calculated to provide L. M. with a FAPE. The district court also held that the Parents were the prevailing parties at the administrative hearing and awarded the Parents attorneys' fees. The Parents appeal the district court's decision affirming the ALJ's determination. The School District cross-appeals the district court's award of attorneys' fees.

I.     THE DISTRICT COURT CORRECTLY DETERMINED THAT THE SCHOOL DISTRICT OFFERED L. M. AN IEP THAT WAS REASONABLY CALCULATED TO PROVIDE L. M. WITH A FAPE

We review a district court's findings of fact for clear error and a district court's conclusions of law *de novo*. *JG v. Douglas Cnty Sch. Dist.*, 552 F.3d 786, 793 (9th Cir. 2008). We review whether a school district's proposed IEP provides for a FAPE *de novo*. *Amanda J. v. Clark Cnty. Sch. Dist.*, 267 F.3d 877, 887 (9th Cir. 2001); *Adams v. Oregon*, 195 F.3d 1141, 1145 (9th Cir. 1999).

The Parents argue that the district court and ALJ erred (A) by not applying the standards set forth in the 2004 amendments to the IDEA, and (B) by improperly concluding that L. M.'s proposed IEP was reasonably calculated to provide L. M. with a FAPE. We affirm on both issues.

(A)    The District Court Correctly Applied the IDEA as it Existed When the
       IEPs Were Offered

The Individuals with Disabilities Education Improvement Act of 2004

("IDEIA Amendments"), Pub. L. No. 108-446, 118 Stat. 2647 (2004), amended the

IDEA effective on July 1, 2005.  In IDEA cases we apply the statute and

regulations in effect at the time the IEP was offered.  *R.B. v. Napa Valley Unified*

*Sch. Dist.*, 496 F.3d 932, 938 n.2 (9th Cir. 2007) (citing *Adams*, 195 F.3d at 1148

n.2).  All of the IEPs in this case were offered to the Parents before July 1, 2005.

The district court and ALJ correctly applied the IDEA as it existed before the

IDEIA Amendments took effect on July 1, 2005.

(B)    The April IEP Was Reasonably Calculated to Provide L. M. with a
       FAPE

The district court and ALJ correctly determined that the IEP proposed to L.

M. in April, 2005 ("April IEP") was reasonably calculated to provide L. M. with a

FAPE.  The district court, "in recognition of the expertise of the administrative

agency, must consider the findings carefully and endeavor to respond to the

hearing officer's resolution of each material issue."  *Gregory K. v. Longview Sch.*

*Dist.*, 811 F.2d 1307, 1311 (9th Cir. 1987).  The district court, affording the ALJ's

decision substantial weight, evaluated the ALJ's finding and concluded that a

preponderance of the evidence supported it.  We agree.  A preponderance of the

evidence supported the district court and ALJ's determination. The April IEP provided for an education plan uniquely tailored to address L. M.'s needs and was reasonably calculated to provide L. M. with a FAPE.

II.     THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN GRANTING ATTORNEYS' FEES TO THE PARENTS

The IDEA permits an award of attorneys' fees to the prevailing party "in the discretion of the court." *Z.A. v. San Bruno Park Sch. Dist.*, 165 F.3d 1273, 1275 (9th Cir. 1999). We review an award of attorneys' fees under the IDEA for an abuse of discretion. *Oscar v. Alaska Dept. of Educ. & Early Dev.*, 541 F.3d 978, 980-81 (9th Cir. 2008). A district court abuses its discretion when "it bases its decision on an erroneous view of the law or a clearly erroneous assessment of the facts." *United States v. Morales*, 108 F.3d 1031, 1035 (9th Cir. 1997).

Here, the district court correctly identified the relevant law and facts and reasonably concluded that the Parents were the prevailing party at the administrative hearing. In addition, the district court considered the Parents' limited degree of success at the administrative proceeding and found "that the work done at the administrative level for both successful and unsuccessful claims shared a common core of facts and related legal theories and no reduction is warranted to reflect [the Parents'] less than complete success in the administrative proceedings."

5

(Supplemental Excepts of Record at 40.) We agree. Although the Parents were not successful at gaining reimbursement for the entire time period at issue, the Parents were successful at establishing that the School District's initial IEP offer was invalid. A "common core of facts" and "legal theories" underlies both pursuits. *Thomas v. City of Tacoma*, 410 F.3d 644, 649 (9th Cir. 2005) (quoting *Webb v. Sloan*, 330 F.3d 1158, 1168 (9th Cir. 2003) ). The district court did not abuse its discretion.

**AFFIRMED**.