NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 1 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LEAH HANRAHAN, | No. 21-16187 |
| Plaintiff-Appellee, | D.C. No. 3:19-cv-00157-MMC |
| v. | |
| STATEWIDE COLLECTION, INC., | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Submitted August 30, 2022[**]
San Francisco, California

Before: W. FLETCHER, BYBEE, and VANDYKE, Circuit Judges.

Defendant-Appellant Statewide Collection, Inc. ("Statewide") appeals the
district court's award of attorney's fees and costs to Plaintiff-Appellee Leah
Hanrahan. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district
court.

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral
argument. *See* Fed. R. App. P. 34(a)(2).

On January 9, 2019, Hanrahan filed suit against Statewide in the district court, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p, and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788–1788.33. Hanrahan was represented by two attorneys. Initially, neither attorney was admitted to practice before the district court, but both were later admitted pro hac vice.

On February 1, 2021, Statewide offered to settle the case. Hanrahan accepted Statewide's settlement offer, and on February 8, 2021, the district court entered judgment consistent with the parties' agreement. Specifically, the district court entered judgment against Statewide "in the amount of $7,500, exclusive of attorney's fees and costs incurred in this action, which fees and costs shall be determined by the [c]ourt."

On March 25, 2021, Hanrahan moved for attorney's fees and costs in the amount of $62,846.25 and $3,135.05, respectively. Statewide challenged the amount of fees and costs claimed. Statewide argued, for example, that some of the hours claimed were redundant or excessive, spent on ministerial tasks, or inadequately documented. The district court agreed with many of Statewide's arguments and reduced Hanrahan's claimed fees accordingly. The district court ultimately determined that Hanrahan was entitled to attorney's fees of $53,604, which included an additional 10% "haircut." The district court also awarded

2

Hanrahan costs in the amount requested.  Statewide timely appealed.

"We review an award of attorney's fees for abuse of discretion." *Stetson v. Grissom*, 821 F.3d 1157, 1163 (9th Cir. 2016).

Statewide makes numerous arguments on appeal challenging the amount of attorney's fees awarded.  Statewide first argues that "any award of attorney's fees is discretionary."  But while it is true that district courts have "'a great deal of discretion'" in determining the appropriate amount of fees, "[t]he FDCPA's statutory language makes an award of fees mandatory." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (first quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992)).

Statewide also argues that Hanrahan should not recover any fees incurred after Statewide offered to settle the case.  But Statewide's settlement offer was "exclusive of attorney's fees and costs," which the parties contemplated would be determined by the district court.  And absent a waiver of fees, time spent establishing entitlement to attorney's fees is compensable. *See Guerrero v. Cummings*, 70 F.3d 1111, 1113 (9th Cir. 1995).

Statewide further contends that the attorney's fees award must be reduced because it includes hours performed before Hanrahan's attorneys were admitted pro hac vice.  But our precedent establishes that attorneys who have not applied to appear pro hac vice may recover fees in two circumstances: (1) if the attorney at issue

"would have certainly been permitted to appear pro hac vice as a matter of course had he or she applied"; or (2) if the work of the attorney "did not rise to the level of 'appearing' before the district court." *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 822–23 (9th Cir. 2009). Here, both of Hanrahan's attorneys were granted pro hac vice admission after applying. Thus, the first circumstance is plainly applicable. Although Hanrahan's attorneys worked on the case for some time before applying for admission, the district court observed that "there is no reason to believe they would not have been admitted 'as a matter of course' had they applied at the outset of litigation," and Statewide does not argue otherwise. The cases that Statewide cites in opposition are inapposite as they concern admission to practice pro hac vice in state court, not federal court. *See Shapiro v. Paradise Valley Unified Sch. Dist. No. 69*, 374 F.3d 857, 862 (9th Cir. 2004); *Z.A. v. San Bruno Park Sch. Dist.*, 165 F.3d 1273, 1276 (9th Cir. 1999).

Statewide's remaining arguments are likewise unavailing. Accordingly, the district court did not abuse its discretion in awarding Hanrahan attorney's fees in the amount of $53,604.

**AFFIRMED**.